Case number 11-S-2207, People v. Antonio Alexander. Okay, with the lawyers who can argue, please approach the bench and introduce yourselves. Good morning, Your Honors. Assistant Appellate Defender Rachel Moran, on behalf of Antonio Alexander. Good morning, Your Honors. Assistant State's Attorney Anthony O'Brien, on behalf of the People. Okay, let's proceed. And you're going to reserve some time for your rebuttals. Yes, may I please reserve three minutes? Sure. May it please the Court, Counsel for Mr. Alexander raised two issues in his brief. I intend to focus on Issue 1B regarding the State's failure to approve use of force, but I'm happy to answer questions about Issue 2 as well. Your Honors, the State has the exclusive power and discretion to charge defendants in criminal cases. With that power comes responsibility. The State must prove every element of the offense it chose to charge beyond a reasonable doubt. Okay, so you're saying that you're going to argue use or threat of force? Yes, Your Honor. Okay. When someone is sleeping, is that still a requirement? Yes, it is, Your Honor. I'm not suggesting that it is appropriate or legal to engage in a sex act with someone who's sleeping. Well, that's good to hear. I'm glad you're taking that position. Absolutely, Your Honors. But Section A.2 would be the appropriate section to charge the defendant in that case. And People v. Lloyd makes this very clear, which came down after the opening brief was filed. In People v. Lloyd, the Illinois Supreme Court addressed a similar situation where a defendant was convicted of seven counts of criminal sexual assault for an adult defendant engaging in various sex acts with a 13-year-old. It was undisputed that the State had proven that the sex acts occurred. But where they charged the defendant under A.2, which charged unable to give knowing consent, and there was not proof of that, the Supreme Court reversed all of the convictions. Well, the victim said she tried to get up. And with the defendant on top of her, she couldn't. Isn't that physical force? No, it's not, Your Honor. And I appreciate that is essentially the crux of the issue here. The State concedes that the encounter did not begin as a forceful one, but pins its entire argument on that testimony. And the testimony from GR, the complainant, she testifies that she could not initially get up. She woke up, she was intoxicated. She couldn't initially get up because she realized someone was on top of her. She was then asked specifically how long it took her to get up, and she said, not very long at all. She then said, it didn't take long, because first when I tried to get him off of me, I couldn't move fast, right on top of me again. I pushed him, got him over, that's when I pushed him off. So there's actually no testimony that she tried to push and he resisted or that he forced her to comply or anything like that. The testimony is, she woke up, she was intoxicated, she realized someone was on top of her. But can we infer that when she testifies that she pushed him off, that she didn't want him on her at all? Can't we infer that? Isn't that a circumstance that we can infer from the testimony itself? Your Honor, two points to that. Yes, I think it's appropriate to infer she didn't want him on her. But when she pushed him off, he got up. She didn't try to push and fail. She just said it didn't, she initially, it didn't take long because first I tried to get him off of me, I couldn't move fast. She didn't say I pushed and he resisted. And in People v. Vasquez, the court said that the use of force for the criminal sexual assault statute requires an exertion of power in causing a person to act, move, or comply against his or her resistance. And that's just, what we have here is that it's not a reasonable inference that he was exerting power in causing her to do something against her resistance. As soon as she resisted, he got up and apologized. How about People v. Denbo? Denbo is the only case the state relies on, and first of all, Denbo reversed the criminal sexual assault conviction, so it's not a great case to be relying on. What about the apology? What does that mean? The apology means something offensive happened, Your Honor, and that he shouldn't have been doing it. Can we take that into account with everything else? Yes, the court can consider as a whole whether... Could we infer that there was a criminal act from his need to apologize? Especially after, isn't it her mother that sees him coming out and then she indicates that he had sex with her? Your Honor, I think, yes, it's reasonable to infer a criminal act occurred, but the question here is, did the criminal act that the state charged... Yes, include force or the threat of force. Did the state prove that? In an apology, he immediately got up and apologized. That doesn't prove use of force or threat of force. In fact, kind of the opposite. As soon as she resisted, he got up and apologized. Let's take that one step further. You're not really suggesting anything as silly as that someone could force themselves on someone, and then if they simply say, I'm sorry, it's undone? Of course not, Your Honor. He didn't undo what he did, whatever he did. The question obviously is whether it was criminal sexual assault or aggravated criminal sexual assault, but whether the evidence establishes that. I'm not even close, and I apologize if that's even a suggestion. No, he didn't undo what he did. But in People v. Lloyd, the Supreme Court said, in evaluating a challenge to the sufficiency of the evidence under the circumstances, we can only consider the evidence regarding the actual charges the state chose to bring and not the fact that he may be guilty of the uncharged offense. And frankly, it's hard to get around that language, Your Honor. What about the cry out to the mother? Again, that indicates that a sexual act took place, and it wasn't something that she wanted, and that's not in dispute. Okay, so we can't also infer, when we put all these together, and the burden is looking at it in the light most favorable to the prosecution, whether or not all the elements could be established. Any rational trier effect could have found those elements beyond a reasonable doubt. No, Your Honor, because the cry out to the mother, she doesn't say he's on top of me. He was on top of me. He wasn't anymore, and it's not really in dispute that he was on top of her. What's very much in dispute is that he was forcing her to do something against her resistance. Let me ask you this. When we're talking about what does the word use of force mean? Sure. When a big man gets on top of a woman who is sleeping and she cannot move, you are telling me that that is not using force? Your Honor. That's almost like to tell me that this pencil is an elephant. Your Honor, if I may tell you what the court has already said, that the use of force must be more than something inherent in the sex act itself, and that's people versus Denbo, which the state itself relies on. It's also people versus Haywood from the Illinois Supreme Court. But he's holding her down. Isn't that the use of force? Your Honor, first, there's no testimony that he's a big man. It's entirely absent the record, her size or his size. I thought that there was. There is no testimony as to either party's size. There is testimony that she's intoxicated, so that may have been the more likely source of the trouble. What about the language in Denbo that is somewhat, I think, significant? A person can passively force someone to continue with the sex act by using one's bodily inertia to prevent the victim from disengaging. Your Honor, it has to be intentional. First of all, that is language in Denbo. We don't dispute that at all. Denbo, that's not a holding in Denbo. No court has actually ever held in any. The state cites no authority, and I was unable to locate any, in which a factual situation like this, where the encounter was against a person who was asleep or drunk, and it was charged and convicted as use of force. Denbo cites that language in addressing, before reversing the conviction, because the defendant, or the complainant in Denbo, she pushed. The defendant continued to engage in the sex act intentionally. The complainant then pushed again, and the defendant got up. So there is a first push there that's absent in this case, and that still wasn't enough in Denbo. And even if this court looks at the language, suggesting that force could be used by... to get up, aren't those her words? She testifies she wakes up, almost, Your Honor, she testifies she wakes up, she's intoxicated, and yes, she says I couldn't get up, then it's asked, how long did it take you to get up? Did she say she was intoxicated, or did she say she was still a little tipsy from the night before? She says a little drunk. That is the word, a little drunk. Okay. So where the question is, did he intentionally require her to continue in the sex act? I don't think it's a reasonable reading when she says, it didn't take me long at all to push him off, then I got up. Well, if she had to push him off, what does that mean? It means he was on top of her, and he was. But if she had to push him off, she obviously didn't want him on top of her. But she doesn't say, I screamed, get off, and he refused. No, she just says, I had to push him off. Your Honor, I think the disagreement we're having is that... If we take everything together, your position is it doesn't amount to criminal sexual assault, and we should reduce this to a battery. Your Honor, if I can just respond to that, I think the disagreement we're having is whether simply not wanting someone is sufficient to prove force. I would suggest that based on the case law, there's never been a case holding that simply not wanting someone is sufficient to prove force. This was improperly charged. It should have been a case of unable to give knowing consent because she was asleep when it happened. There is no case law saying that unless a person... It says people versus Heywood. Lack of consent does not equate to force. And I think that is the answer to your Honor's question as to not wanting someone. That's a lack of consent. The Illinois Supreme Court has said lack of consent does not equate to force. Force is overcoming the victim by use of physical restraint or physical confinement or superior strength, none of which are present in this case, and that's straight out of the definition of the use of force statute in Section 512.12. That's the use of force statute. That's what's defined as use of force, and that's not present here. Thank you, Your Honors. State. Good morning, Your Honors. May it please the Court. Assistant State's Attorney Anthony O'Brien on behalf of the people. And I apologize for any delays this morning. Your Honors, the evidence in this case sufficiently established force. A defendant can establish force or there can be force demonstrated where a defendant uses their bodily inertia or their position to continue with a sex act or prevent a victim from disengaging. For example, where a defendant is on top of a victim and the weight of the defendant prevents the victim from being able to move. That is the sort of force that we have in this case. The victim said that when she woke up she felt the defendant on top of her and she was unable to move. She tried again to move and she was able to free herself and push the defendant away. The Denbo case supports this proposition and it says that there can be this passive use of force where the defendant uses their bodily inertia in order to continue with the sex act, and that's what we have here. Do you agree with counsel that the charging instrument is improper, that a different section should have been used? No, I don't. I wouldn't agree with it. I would say this. I agree with it that we could have added an additional count to the indictment. We could have done it under A2 as well, but I don't think the evidence supported under A1 as well. I don't think it was mischarged. It was perhaps undercharged in terms of the number of counts that we added, but there was evidence and record supporting the conviction. Your Honor, I'm not sure what else to add. I will say this. There was the Lloyd case that counsel discusses, which is not in the briefs. I think it was decided afterwards. In that case, Your Honor, the court held that proof of age alone is not enough to establish being unable to consent to a criminal sexual assault. But in that case, what involved was the state was attempting to graft an additional element onto a statute by grafting an age-based sex offense onto the criminal sexual assault statute. That is not what's happening in this case at all. This is just a straight sufficiency question about whether the facts support the conviction. I think counsel said she was going to address sentencing. She didn't get to it. I would only add that the defendant did not object to what the sentencing, or did not, first of all, never asked to make arguments in mitigation. Did not object, make any objections, didn't raise the issue in a post-trial motion, so the matter has been forfeited. Unless Your Honor has any other questions, we ask to affirm. Thank you. Okay. Short rebuttal. May it please the Court. I'd just like to cite two cases. One, People v. Haywood, which I referenced a moment ago. In Haywood, it discussed the definition of force shortly after the legislature had passed Section 512.12 defining force. And it said, common sense tells us that the legislature, in enacting the criminal sexual assault act, did not intend to create a definition of force so broad that it would include all conceivable notions of the word. So the mere act of not wanting someone to be on top, I think Haywood supports the notion that that is not sufficient. And finally, in Lloyd, which was decided just last year, the Court said, we cannot substitute the conviction on an uncharged offense involving different elements than the offense considered by the jury, no matter how inescapable the findings to support the verdict might be. And frankly, Your Honors, I think the difficulty in this case is that the findings are fairly inescapable on the subsection A2 that was not charged. But subsection A1 was not proven. And where the State chose to only charge that, it was required to prove that offense. It did not, and this Court should reverse the convictions or reduce the battery. Thank you. Thank you, Your Honors. Thank you guys for an interesting case. You did a very good job, and we'll take the case under advisement and the Court will be adjourned.